UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY TRIAY | CIVIL ACTION |
| VERSUS | NO: 23-03471 |
| NATIONAL GENERAL INSURANCE COMPANY | SECTION: T (3) |

# ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Homesite Insurance Company. R. Doc. 21. Plaintiff Danny Triay has filed a response in opposition, R. Doc. 32, to which Defendant has filed a reply. R. Doc. 39. For the reasons set forth below, the Court will grant the Motion to Dismiss.

## BACKGROUND

This case concerns an insurance claim for property damage arising out of Hurricane Ida, which made landfall in Louisiana on August 29, 2021. Plaintiff Danny Triay owned a residence located in Kenner, Louisiana, at the time of the storm. He filed a claim for damages allegedly sustained during the storm under a homeowner's insurance policy issued by Homesite Insurance Company. Homesite adjusted the claim and paid a certain sum to Plaintiff. Unsatisfied, Plaintiff filed the instant suit on August 16, 2023, in federal court and named National General Insurance Company, a wholly unrelated entity, as the insured who had issued the policy. He filed claims for

1

breach of contract and bad faith damages for violations of La. R.S. 22:1892 and 22:1973. R. Doc. 1.

National General answered, denying that it was the insurer of the plaintiff or a proper party to the litigation. R. Doc. 7. Thereafter, Plaintiff sought leave to amend his complaint to name the proper party, Homesite Insurance Company, without objection from counsel for National General. R. Doc. 12. In the First Amended and Restated Complaint for Damages, filed on November 2, 2023, Plaintiff names Homesite as the insurer that had issued the relevant policy. R. Doc. 15. The Complaint and the First Amended Complaint are otherwise essentially identical. Plaintiff dismissed National General, who is no longer a party to this case.

Defendant Homesite has since filed a Motion to Dismiss. R. Doc. 21. Defendant asserts Plaintiff failed to file a first-party claim within the time limitation set forth in La. R.S. 22:868(B) and the terms of the policy, that is, 24 months. La. R.S. 22:1692 defines a "first-party claim" as "a claim made by an insured or a policyholder under an insurance policy or contract that arises out of the occurrence or the contingency or loss covered by the policy or contract." Defendant asserts the 24-month prescriptive period applies to both contractual and bad faith claims. Defendant contends Plaintiff's claims are prescribed on their face. Defendant further avers that the original complaint did not interrupt prescription because naming the wrong insurer does not interrupt prescription against the proper insurer. Defendant points out that there is no relationship between it and National General. Defendant also avers that Plaintiff's claims do not relate back to his original filing under Fed. Rule Civ. Pro. 15(c). Defendant argues that the doctrine of relation back does not

apply in this case because the rule "is designed to permit amendment where a 'misnomer', 'mistake', or 'misidentification' has occurred, not where an entirely new defendant is being added who was not included in the original complaint." R. Doc. 21-1, p. 7 (quoting *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 3906760, * 3 (E.D. La. Aug. 26, 2008).

**LAW AND ANALYSIS**

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegations underlying a claim are insufficient to raise a right to relief above the speculative level, that claim must be dismissed. *Twombly*, 550 U.S. at 555.

"When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 3906760, at *3 (E.D. La. Aug. 26, 2008) (quoting *Wilson v. U.S. Gov't*, 23 F.3d 559, 562 (1st Cir. 1994)). "Relation back analysis applies to the addition of new claims or new defendants." *Id.* The rule provides, in relevant part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Accordingly, the court's analysis under Rule 15(c)(1)(C)(ii) turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint." *Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (internal quotations omitted). Additionally, the defendant must have received notice of the mistake within the time provided by Rule 4(m). *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992); *Standard v. United Services Automobile Ass'n*, 2023 WL 5761327 (W.D. La. Sept. 6, 2023), * 2. Rule 4(m) provides that service must be made on the defendant within 90 days after the complaint has been filed.

Plaintiff asserts he has complied with the requirements of Rule 15(c)(1)(C) to permit relation back of his claims against Homesite to his claims originally filed against National General. First, he notes there is no dispute that the action against Homesite arises out of the same conduct, transaction, and occurrence as alleged in the original petition. Second, he avers that Homesite was served with copies of the original and amended complaint within the 90-day delay for service under Rule 4(m). The original complaint was filed on August 16, 2023, and the amended complaint was served on Homesite through its registered agent for service of process on November 13, 2023, within 90 days of the filing of the original complaint. Further, he argues there is no prejudice to Homesite because it is in the same position as it would have been named in the original complaint: Homesite had notice with the time limitation of Rule 4(m); Homesite adjusted the claim after Hurricane Ida; Homesite inspected the damaged property and had ample time to gather evidence;

5

and Homesite will not be deprived of any rights in its defense of Plaintiff's claims.

Defendant is correct that Plaintiff did not sue or serve Homesite in the original Complaint, the entity that issued the homeowner's policy at issue; instead, he sued a completely distinct and separate insurance company, National General Insurance Company. Because the Plaintiff sued a completely distinct and separate entity, the Plaintiff did not make a mistake or misnomer that would satisfy the requirements of Fed. R. Civ. P. 15(c)(1)(C)(ii). Where there is a true mistake or misnomer, "the substitute and original party are essentially the same." *Galilee Baptist Church v. Church Mut. Ins. Co.*, 2008 WL 11354940, at *3 (E.D. La. June 25, 2008). "Rule 15(c) is designed to permit amendment where a 'misnomer,' 'mistake,' or 'misidentification' has occurred, not where an entirely new defendant is being added who was not included in the original complaint." *Katrina Canal Breaches*, 2008 WL 3906760, at *6.  In the instant case, Homesite did not have any knowledge, actual or constructive, of the Plaintiff's intent in filing the original Complaint against National General. Indeed, because Homesite is a separate and distinct entity from National General, Homesite did not receive notice, actual or constructive, that it would have been named in the original Complaint but for a mistake by the Plaintiff until receipt of the Amended Complaint filed after the applicable prescriptive period had expired. Specifically, Homesite did not have the original Complaint and did not have notice of said mistake through the original Complaint. Moreover, Homesite did not know and had no reason to know that, absent some mistake, the original Complaint would have been brought against it.

The fact remains that Plaintiff's amended complaint finally naming Homesite as the correct

insurer was filed after the time limitation for the filing of such actions had run. Prescription was not interrupted against Homesite, the proper party. This is not a situation like in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 556 (2010), wherein the Supreme Court allowed relation back because the original defendant, Costa Cruise, and the correct defendant, Costa Crociere, were related corporate entities with such an interrelationship that the correct defendant had notice through the original Complaint that it would have been named but for a mistake as to the appropriate party. Here, there is no relationship between Homesite and National General so as to impute the knowledge of the original complaint on the correct insurer. *See Guidry v. United Services Automobile Ass'n*, 2023 WL 5486224 (W.D. La. Aug. 23, 2023.) Plaintiff has not established that Rule 15(c) permits relation back in his case. Therefore, the Court will grant the Motion to Dismiss.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 30th day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE